IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
                                    :
                                    :
ANDRE GALE,                         :          1:12-CV-1315
        Petitioner
                                    : No. 2716 CD 1995
                                    :
    v.                              :          FILED
                                    :      HARRISBURG, PA
JOHN WETZEL, Secretary of Department:
of Corrections, et al              :          JUL 0 9 2012
        Respondent
                                    :      MARY E. D'ANDREA, CLERK
                                    :      Per_____
                                    :              Deputy Clerk
                                    :
```

MOTION FOR STAY AND ABEYANCE OF
§2254 PETITION


AND NOW COMES Petitioner, ANDRE GALE, pro se, respectfully requesting that this Honorable Court accept the attached §2254 petition as timely filed, and stay it in abeyance until the exhaustion of Petitioner's state remedies.


1.  On March 19, 2012, the United States Supreme Court decided the case of Martinez v. Ryan, 132 S.CT. 1309 (2012), holding that PCRA counsel on initial-review-collateral-proceeding rendered ineffective-assistance in failing to raise ineffective-assistance-of-trial counsel.


2.  On May 11, 2012, Petitioner filed a Post-Conviction Relief Act (PCRA) petition in the state courts, on the grounds that he received ineffective-assistance from his trial-counsel on direct appeal and the first PCRA counsel according to the United States Supreme Court holding in Martinez.


3.  The time necessary for exhaustion of Petitioner's PCRA petition in the state court's will exceed the one-year time limitation for timely filing the instant §2254 petition.

GROUND ONE

The adjudication of the claim(s) on the merits in state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal Law as determined by the Supreme Court of the United States in the cases of In re Winship, 90 S.CT. 1068, 397 U.S. 358, 25 L.ED.2D 368 (U.S.NY.1970), Martinez v. Ryan, 132 S.CT. 1309 (2012) and 28 USCA Sec. 2254(d)(1).

The undisputed facts of record in this case are:

(1) First Post-Conviction Counsel of Petitioner was ineffective according to the United States Constitution in failing to raise any of the aforementioned claims of ineffective-assistance-of-trial counsel in the initial-review-collateral-proceeding.

(2) According to the United States Constitution Trial Counsel of the Petitioner rendered ineffective-assistance in failing to raise said claims on direct-appeal.

(3) According to the United States Constitution the Petitioner has the right to an effective attorney in the first-review-collateral-proceeding because it was the first place to raise his claim(s) of ineffective assistance-of-trial counsel.

(4) In accordance to the United States Constitution the Petitioner's right to confront his accuser was violated.  Codefendant Wells, made a voluntary statement but refused to take the stand to attest to the truthfulness of it. So, the trial court allowed the prosecution to read to the jury a redacted version of his statement causing prejudice to the Petitioner.  Please see Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, L.ED.2d 476 (1968), Gray v. Maryland, 523 U.S. 185, 195, 118 S.Ct. 1151, 140 L.ED.2d 294 (1998), U.S.C.A. Const. Amend. 6 & 14.

Given the facts of the record, in accordance with Martinez, its holding must apply in the above-captioned matter if: (A)   Trial-Counsel was constitutionaly ineffective in failing to raise the claims in the above-captioned case on direct-appeal; and (B)  Counsel in the initial-review collateral-proceeding was Constitutionaly ineffective in failing to raise ineffective-assistance-of-trial counsel.

CONCLUSION

WHEREFORE ALL PREMISES CONSIDERED and based upon the aforementioned, the Petitioner prays that this Honorable Court grant his request to stay and hold in abeyance, his timely §2254 petition until the exhaustion of his PCRA petition in the state courts.

Respectfully Submitted,

Andre M. Gale.

Andre M. Gale, Pro Se
PA.D.O.C. #CY9645
1600 Walters Mill Road
Somerset, PA 15510

**Please see:**  Picking v. Penn Railway, 151 F2d. 240.

Haines v. Kerner, 30 L.ED.2d 652, 404 U.S. 519, (1972)

Boag v. Macdougall, 70 L.ED.2d 551, 454 U.S. 364 (1982).

CERTIFICATE OF SERVICE

I hereby certify on this date July 4, 2012, am serving the foregoing Motion For Stay and Abeyance of §2254 petition; upon the person(s) listed below by institutional cash-slip and by United States Postal Service.  See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.ED.2d 245 (1988), holding that a filing by a prisonerbe deemed timely as of the date it is handed to prison officials for delivery.

This service does satisfy the requirements of Fed.R.App.P. 25(a)(2)(c).

Office Of The Clerk
U.S. District Court
Middle District of PA
U.S. Courthouse
P.O. Box 983
HBG., PA 17108

July 4, 2012
Andre m. Gale
Andre m. Gale.

4