Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District **middle** |
|---|---|

| Name (under which you were convicted): **ANDRE GALE** | Docket or Case No.: **1:12-CV-1315** |
|---|---|

| Place of Confinement: **SCI - SOMERSET** | Prisoner No.: **CY9645** |
|---|---|

| Petitioner (include the name under which you were convicted) **ANDRE GALE** | v. | Respondent (authorized person having custody of petitioner) **JOHN WETZEL, et al.** |
|---|---|---|

| The Attorney General of the State of **PENNSYLVANIA** |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: **Dauphin County Court of common pleas.**

    (b) Criminal docket or case number (if you know): **2716 CD 1995.**

2.  (a) Date of the judgment of conviction (if you know): **march 11, 1996.**

    (b) Date of sentencing: **march 20, 1996.**

3.  Length of sentence: **Life w/o parole plus 5-10 yrs.**

4.  In this case, were you convicted on more than one count or of more than one crime?   Yes ☑   No ☐

5.  Identify all crimes of which you were convicted and sentenced in this case: **First Degree criminal homicide & conspiracy.**

6.  (a) What was your plea? (Check one)

    (1)   Not guilty ☑            (3)   Nolo contendere (no contest) ☐

    (2)   Guilty ☐                  (4)   Insanity plea ☐

FILED
SCRANTON

AUG 1 3 2012

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____N/A._____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ☑        Judge only ❏

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    Yes ❏  No ☑

8. Did you appeal from the judgment of conviction?

    Yes ☑  No ❏

9. If you did appeal, answer the following:

(a) Name of court: __Dauphin County Court of Common Pleas.__

(b) Docket or case number (if you know): ____2716 CD 1995.____

(c) Result: _____Denied._____

(d) Date of result (if you know): ____April 16, 1996.____

(e) Citation to the case (if you know): _____N/A._____

(f) Grounds raised: __Insufficient Evidence & Erroneous Jury Instruction on Accomplice Liability.__

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    Yes ☑  No ❏

    If yes, answer the following:

    (1) Name of court: __Superior Court - Middle District.__

    (2) Docket or case number (if you know): __464 HBG, 1996.__

    (3) Result: __Affirmed.__

_____

    (4) Date of result (if you know): __June 11, 1997.__

    (5) Citation to the case (if you know): __700 A.2d 1024 (Pa. Super 1997).__

    (6) Grounds raised: __Insufficient Evidence & Erroneous Jury Instruction on Accomplice Liability.__

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☑ No ☐

If yes, answer the following:

(1) Docket or case number (if you know): ___N/A._____

(2) Result: __Affirmed._____

_____

(3) Date of result (if you know): ___November 24, 1997._____

(4) Citation to the case (if you know): _____N/A._____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: __Dauphin County Court of Common Pleas.__

(2) Docket or case number (if you know): ___1520   HBG   98_____

(3) Date of filing (if you know): __N/A._____

(4) Nature of the proceeding: _____N/A._____

(5) Grounds raised: __Ineffective Assistance, Insufficient Evidence.__

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: __Dismissed._____

(8) Date of result (if you know): __October 12, 1999._____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: __Dauphin County Court of Common Pleas.__

(2) Docket or case number (if you know): _____N/A._____

(3) Date of filing (if you know): __March 25, 2002._____

(4) Nature of the proceeding: __N/A._____

(5) Grounds raised: __Ineffective Assistance, Insufficient Evidence.__

_____

_____

_____

_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ❑ No ☑

(7) Result: __Affirmed__.

(8) Date of result (if you know): __September 17, 2003__.

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: __Dauphin County Court of Common Pleas__.

(2) Docket or case number (if you know): __N/A__.

(3) Date of filing (if you know): __September 26, 2007__.

(4) Nature of the proceeding: __N/A__.

(5) Grounds raised: __Ineffective Assistance, Insufficient Evidence__.

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ❑ No ☑

(7) Result: __Denied__.

(8) Date of result (if you know): __January 30, 2008__.

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:       Yes ❑ No ☑

(2) Second petition:   Yes ❑ No ☑

(3) Third petition:     Yes ❑ No ☑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: __First PCRA Counsel and second (Private) PCRA counsel Failed to appeal to the Pennsylvania Supreme Court. Also, second PCRA counsel never filed Entry of Appearance with the Court.__

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: First post-conviction-counsel rendered ineffective assistance according to the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel for initial-review-collateral-proceeding failed to raise any of the aforementioned claims of ineffective-assistance-of-trial counsel in the initial-review-collateral-proceeding.

(b) If you did not exhaust your state remedies on Ground One, explain why: ___N/A.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Trial-Counsel was ineffective in failing to raise claims, herein mentioned. (See: memorandum of law in support of PCRA petition).

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction-Relief Act (PCRA) petition.

Name and location of the court where the motion or petition was filed: Dauphin County Court of Common Pleas.

Docket or case number (if you know): 2716 CD 1995.

Date of the court's decision: July 25, 2012.

Result (attach a copy of the court's opinion or order, if available): __DISMISSED.__
(Please see copy of final order enclosed).

_____

(3) Did you receive a hearing on your motion or petition?

   Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

   Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Superior Court of Pennsylvania for the middle district.__

Docket or case number (if you know): __N/A.__

Date of the court's decision: __PENDING.__

Result (attach a copy of the court's opinion or order, if available): __N/A.__

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

__N/A.__

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: __Subsequently, a petition under 28 u.s.c. §2254 writ of habeas corpus is filed to United States District Court - middle district.__

**GROUND TWO:** __Trial-counsel rendered ineffective-assistance according to the United States Constitution.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): __The trial-counsel was ineffective in failing to raise any of the aforementioned claims on petitioner's direct-appeal.__

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: ___N/A.___

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐  No ☑

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: ___Trial- counsel failed to raise claims herein mentioned. (see: memorandum of law in support of PCRA petition).___

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      Yes ☑  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: ___Post- conviction Relief- Act (PCRA) petition.___

    Name and location of the court where the motion or petition was filed: ___Dauphin County Court of Common Pleas.___

    Docket or case number (if you know): ___2716 CD 1995.___

    Date of the court's decision: ___July 25, 2012.___

    Result (attach a copy of the court's opinion or order, if available): ___DISMISSED. (enclosed: copy of final order).___

    (3) Did you receive a hearing on your motion or petition?

      Yes ☐  No ☑

    (4) Did you appeal from the denial of your motion or petition?

      Yes ☑  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☑  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: ___Superior Court of Pennsylvania for the middle district.___

    Docket or case number (if you know): ___N/A.___

    Date of the court's decision: ___PENDING.___

    Result (attach a copy of the court's opinion or order, if available): ___N/A.___

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Subsequently, a petition under 28 U.S.C. $2254 WRIT OF HABEAS CORPUS is filed to the United States District Court - middle district.

**GROUND THREE:** The petitioner has the right to effective attorney.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): In the first-review-collateral-proceeding the petitioner has the United States Constitutional right to an effective attorney because it was the first place to raise his claim(s) of ineffective-assistance-of-trial counsel.

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Trial counsel failed to raise claims herein mentioned. (see: memorandum of law in support of PCRA petition).

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POST-CONVICTION RELIEF-ACT (PCRA) petition.

Name and location of the court where the motion or petition was filed: Dauphin County Court of Common Pleas.

Docket or case number (if you know): _____ 2716 CD 1995. _____

Date of the court's decision: _____ JUIY 25, 2012. _____

Result (attach a copy of the court's opinion or order, if available): _____ DISMISSED. _____
(enclosed: copy of FINAL ORDER).

(3) Did you receive a hearing on your motion or petition?

  Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

  Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

  Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ Superior Court of Penn-
sylvania for the middle district.

Docket or case number (if you know): _____ N/A. _____

Date of the court's decision: _____ PENDING. _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A. _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Subsequently, a petition under 28 U.S.C. §2254 WRIT OF HABEAS is filed to the united states District Court - middle district.

**GROUND FOUR:** The confrontation clause in the united States Constitution was violated in trial-court.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The petitioner has the right to confront his accuser according to the united states Constitution and this right was violated.

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____ N/A. _____

_____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☑

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Trial- counsel failed to raise the claims herein mentioned. (see: memorandum of law...).

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☑ No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Post- Conviction Relief Act (PCRA) petition.

    Name and location of the court where the motion or petition was filed: Dauphin County Court of Common Pleas.

    Docket or case number (if you know): 2716 CD 1995.

    Date of the court's decision: PENDING.

    Result (attach a copy of the court's opinion or order, if available): DISMISSED. (enclosed: copy of FINAL ORDER).

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐ No ☑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☑ No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☑ No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Superior Court of Pennsylvania for the middle district.

    Docket or case number (if you know): N/A.

    Date of the court's decision: PENDING.

    Result (attach a copy of the court's opinion or order, if available): N/A.

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____N/A._____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Subsequently, this petition under 28 U.S.C. §2254 WRIT OF HABEAS is filed to the United States District Court - middle district.

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?      Yes ☑ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____N/A._____

_____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____NO._____

_____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐ No ☑

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____N/A._____

_____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☑  No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _Superior Court of PA, middle district, Docket #(N/A), Ground one - four are the issues raised._

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Gary Lysaght._

(b) At arraignment and plea: _Gary Lysaght._

(c) At trial: _Daniel Gee._

(d) At sentencing: _Daniel Gee._

(e) On appeal: _Daniel Gee._

(f) In any post-conviction proceeding: _Elizabeth Hoffman._

(g) On appeal from any ruling against you in a post-conviction proceeding: _None._

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐  No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _N/A._

(b) Give the date the other sentence was imposed: _N/A._

(c) Give the length of the other sentence: _N/A._

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐   _N/A._

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner received ineffective-assistance-of-trial counsel in
failing to raise any of these claims on direct-appeal. State-
appointed-appellate-counsel for petitioner failed to raise claims
of ineffective-assistance-of-trial counsel in the initial-review
collateral-proceeding pertaining to the aforementioned claims be-
cause the initial-review collateral proceeding is the first designated
proceeding for a prisoner to raise the ineffective-assistance claim.
An attorney's errors during an appeal on direct-review may
provide cause to excuse a procedural default. Without ade-
quate representation in an initial-review collateral-proceeding,
a prisoner will have similar difficulties vindicating a substantial
ineffective-assistance-at-trial claim. The same would be true
if the state did not appoint an attorney for the initial-review-
collateral-proceeding. A prisoner's inability to present an ineffective
assistance claim is of particular concern because the right to
effective trial counsel is a bedrock principle in this Nation's
Justice system. Given the facts of the record, in accordance
with Martinez v. Ryan, 132 S.Ct. 1309 (2012), its holding must
apply in the above-captioned matter if: (A) Trial-Counsel was con-
stitutionally ineffective in failing to raise the claims in the above-captioned
case on direct-appeal; and (B) Counsel in the initial-review-collateral-
proceeding was constitutionally ineffective in failing to raise ineffective-
assistance-of-trial counsel.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d)
provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the
   time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the
   Constitution or laws of the United States is removed, if the applicant was prevented from filing by such
   state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the
   right has been newly recognized by the Supreme Court and made retroactively applicable to cases on
   collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered
   through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under
this subsection.

Page 15

Therefore, petitioner asks that the Court grant the following relief: _Evidentiary Hearing_
_on the merits of each claim._

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this
Petition for Writ of Habeas Corpus was placed in the prison mailing system on _AUGUST 4, 2012_
_____ (month, date, year). _HOUSTON V. LACK, 487 U.S._
_266, 276, 108 S.Ct. 2379,_
_101 L.ED. 2d. 245 (1988)._

Executed (signed) on _8-4-2012_ (date).

_Andre M. Hale._ _In propria persona_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing
this petition. _____
_____
_____

* * * * *

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a <u>federal</u> judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ 50.00, you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court, Middle District of Pennsylvania
   P.O. Box 1148
   Scranton, PA  18501-1148

9. **<u>CAUTION</u>: You must include in this petition <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **<u>CAPITAL CASES</u>: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

PA Department
INMATE

PA.D.O.C. # Cyprus
1600 walters mill Rd.
somerset, PA 15510

AUG 13

CLERK, U.S. District Court
Middle district of PA,
P.O. BOX 1148
scranton, PA 18501-1148

IN THE UNITED STATES DISTRICT COURT FOR

MIDDLE DISTRICT OF PENNSYLVANIA


ANDRE GALE,                           :
       Petitioner          :


   v.                                 :          Civil Action No. 1:12-CV-1315
                                :


JOHN WETZEL, et al.,                  :
       Respondents          :


MEMORANDUM OF LAW IN SUPPORT OF POST-CONVICTION
RELIEF-ACT (PCRA) PETITION


TO THE HONORABLE JUDGE OF SAID COURT:


Now Comes, Andre Gale, petitioner, respectfully requests leave to file this memorandum of law in support of §2254 application.

   Jurisdiction is predicated upon the fifth, sixth and fourteenth Amendment(s) of the United States Constitution and Martinez v. Ryan, 132 S.CT. 1309 (2012).


FILED
SCRANTON

AUG 1 3 2012

MARY E. D'ANDREA CLERK
Per_____

Andre Gale, In Propria Persona
PA.D.O.C. #CY9645
1600 Walters Mill Road
Somerset, PA. 15510

## STATEMENT OF JURISDICTION

The instant petition is timely filed under 42 Pa.C.S.A. §9545 (b)(1)(iii) the right asserted is a Constitutional Right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that Court to apply retroactively; and, (b)(2) Any petiton invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

The claims in the instant matter rely heavily upon the new rule of U.S. Constitutional Law which was announced by the United States Supreme Court decision in Martinez v. Ryan, 132 S.CT. 1309 (March 19, 2012).

## SCOPE AND STANDARD OF REVIEW

The scope and standard of review when evaluating a claim of ineffective assistance of counsel on direct appeal and first counsel for initial-review collateral proceeding is well settled. The defendant still must establish that the course of action chosen by his counsel had no reasonable basis designed to effectuate the client's interests. Martinez v. Ryan, 132 S.CT. 1309 (2012). In the instant matter the issue of Constitutonal ineffective assistance of counsel is glaring.

## PROCEDURAL HISTORY

The Defendant was convicted of first-degree homicide and conspiracy following a jury trial on 3-11-96.   Timely direct appeal was filed.   Affirmed on 7-11-97, Comm. v. Gale, 700 A.2d 1024 (Pa.Super 1997).   Allowance of Appeal to Supreme Court of PA was denied 10-28-97, Comm. v. Gale, 702 A.2d 1059 (Pa.1997).   First Post-Conviction Relief Act (PCRA) Petition timely filed on 11-24-97.   PCRA Counsel appointed.   Relief denied on 8-21-98.   Superior Court affirmed judgement on 8-24-99.   Other petitions filed with the District, Third and Sixth Circuit Court and denied as being untimely.
Subsequent United States Supreme Court ruling on new Constitutional Law in Martinez v. Ryan, 132 S.Ct. 1309 (2012) this Instant Appeal follows.

## STATEMENT OF QUESTIONS

• WAS FIRST POST-CONVICTION-COUNSEL CONSTITUTIONALLY INEFFECTIVE IN FAILING TO RAISE THE SAID CLAIMS OF INEFFECTIVE-ASSISTANCE-OF-TRIAL-COUNSEL IN THE INITIAL-REVIEW COLLATERAL-PROCEEDING

• DID TRIAL COUNSEL RENDER CONSTITUTIONAL INEFFECTIVE ASSISTANCE IN FAILING TO RAISE THE SAID CLAIMS ON DIRECT APPEAL

• DID THE DEFENDANT HAVE A UNITED STATES CONSTITUTIONAL RIGHT TO AN EFFECTIVE ATTORNEY IN THE FIRST-REVIEW-COLLATERAL-PROCEEDING BECAUSE IT WAS THE FIRST PLACE TO RAISE HIS CLAIM OF INEFFECTIVE ASSISTANCE-OF-TRIAL-COUNSEL

**ARGUMENT**

The holding in Martinez v. Ryan, 132 S.CT. 1309 (2012), here, where the initial-review collateral proceeding is the first designated proceeding **for a prisoner to raise the ineffective-assistance claim,** the collateral proceeding is the equivalent of a prisoner's direct appeal as to that claim because the state habeas court decides the claim's merits, no other court has addressed the claim, and defendants "are generally ill equipped to represent themselves" where they have no brief from counsel and no court opinion addressing their claim.  Halbert v. Michigan, 545 U.S. 605.

The Defendant alleges that he received **ineffective assistance of counsel at** trial, but that his state-appointed appellate counsel failed to **raise his** claims in the first state post-conviction relief proceeding brought on his behalf.  The Defendant asserts a federal constitutional right to the effective assistance of counsel in connection with his state proceeding.  He contends that the right to the effective assistance of appellate counsel is fundamentally a right to counsel in connection with the presentation of a claim of error at the first tier of review.  Halbert v. Michigan, 545 U.S. 605, 125 S.Ct. 2582, 162 L.ED. 2d 552 (2005) & Douglass v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.ED. 2d 811 (1963).  Collateral review presented the first opportunity at which the defendant could assert an ineffective-assistance-of-trial-counsel claim.  The Defendant therefore **reasons that he has a right to the effective assistance of counsel in the** first post-conviction relief proceeding in which he could present a claim of ineffective assistance by his trial counsel.

**Trial Counsel rendered Constitutional ineffective-assistance in failing to raise on direct appeal:**

1. **The Probable Cause Affidavit** on its face lacks probable cause as it pertains to said defendant.  It demonstrates insufficient evidence to support the arrest of said defendant charging him with first-degree murder and conspiracy.  Upon viewing this probable cause affidavit, which remains unsigned, it shows that two individuals, someone other than the defendant, was identified by alleged witnesses Keontay Hodge and Virginia Garcia as to being involved in the offense.  See Exibits.  It does not state that the defendant was ever identified nor had any involvement.

4

Not a single witness identified the defendant. None of the alleged witnesses picked the photo of defendant from photo array to implicate him in the incident.


2. the fact that Detective Kevin Duffin of the Harrisburg Bureau of Police testified under sworn oath outside the presence of the jury stating "upon showing the photo array to alleged eyewitness Keontay Hodge on two seperate occasions she did not pick out the photograph of Andre Gale, defendant, on both occasions." Then trial counsel for defendant questioned the Detective and asked "would she be mistaken if she said that she did identify Mr. Gale?" The Detective replied "she would be mistaken because I showed her the photo array twice." (See Exibits). According to the Probable Cause Affidavit the two alleged eyewitnesses identified the same individuals, two men other than the defendant. (See Exibits).

3. the insufficient evidence within the voluntary statement of the alleged eyewitness Keontay Hodge to arrest, charge and convict defendant of first-degree homicide and conspiracy. Upon viewing the statement of the alleged eyewitness Hodge, Andre (a.k.a. Dre) Gale, defendant, is never mentioned. In fact, none of the alleged witnesses picked the photograph of defendant.

4. the fact that the prosecution, created a suggestive environment calculated to induce Hodge to make a constitutionally inadmissible and suggestive identification of the defendant. At the Preliminary Hearing, said defendant sat at the exact table across from a previously identified individual. He and the defendant was wearing orange jumpsuits with BIG LETTERS D.C.P. on the back. Most importantly said defendant was seated by his Private Counsel with the back of his head toward the direction of the alleged witness who entered the courtroom and took the stand after said defendant was seated. Not once was the defendant face-to-face with Hodge, during the Preliminary Hearing. The said defendant kept the back of his head toward the direction of Ms. Hodge upon the instructions of his private attorney.

Private Counsel for the defendant asked Ms. Hodge to give a facial description of defendant. This alleged eyewitness refused by stating "I never said I saw his face. I just know he killed my friend." This witness, in particular, pointed an accusing finger at the defendant due to him wearing an orange Dauphin County Prison jumpsuit, sitting at the same table with one of the

individual(s) she previously identified as being the shooter.    Indeed this particular
identification was constitutionally suggestive.  See Com. v. Fowler, 352 A.2d 17, 466 Pa. 198
(Pa. 1976). < > The prosecution called numerous witnesses to testify at trial.  None of these
witnesses implicated or identified the defendant with the exception of Keyntay Hodge.  This is
the alleged witness Detective Duffin twice showed the photo array to her and she did not pick the
photograph of Andre (Dre) Gale, defendant, on both occasions.  At trial she alleged that the
defendant murdered Samuel Hicks Jr.  But prior to trial, no out-of-court-identification of the
defendant was made.  And case law clearly states "A witness shall not point an accusing finger
in-court at a defendant without first making an out-of-court identification."  **Fowler.**

5.    The defendant's constitutional right to confront his accuser was violated.  Within the
voluntary statement of co-defendant Brian Wells, he alleges that himself, Matthew (Ted Black)
Robinson and the defendant was together.  Mr. Wells refused to take the stand to testify as to
the truthfulness of his allegations.  Therefore a redacted version of his statement was read to
the jury.  Indeed this violated said defendant federally guaranteed right to confront his accuser
because "a redacted statement is the same as the actual statement."  This caused a miscarriage of
justice even after said defendant diligently sought a seperate trial.

6.    The failure to corroborate or even develop the statements of the alibi witnesses which
testimony said defendant presented at trial substantiating the fact that he was not at the scene
of the incident but rather was present at a local Bar & Grill located several miles away  along
with the alibi witnesses.   "A defense that places the defendant at the relevant time in a
different place than the scene involved and removed therefrom as to render it impossible for him
to be the guilty party."  See Com. v. Kolenda, 676 A.2d 1187 (Pa.1996).   Also, "the alibi
defense, either standing alone or together with other evidence may be sufficient to leave the
mind of the jury with reasonable doubt which, without it might not otherwise exist."  Com. v.
Whiting, 187 A.2d 563 (1963).

   The defendant received ineffective assistance of trial counsel in failing to have any of these
claims raised on direct-appeal and that his state-appointed appellate-counsel failed to raise his
claim of ineffective-assistance-of-trial-counsel in the initial-review-collateral-proceeding
brought on his behalf.

   An attorney's errors during an appeal on direct review may provide cause to excuse a
procedural default; for if the attorney appointed by the state is ineffective the prisoner has
been denied fair process and the opportunity to comply with the state's procedures and obtain an
adjudication on the merits of his claim.  Without adequate representation in an initial-review
collateral proceeding, a prisoner will have similar difficulties vindicating a substantial
ineffective-assistance-at-trial claim.

The same would be true if the State did not appoint an attorney for the initial-review-collateral-proceeding.  A prisoner's inability to present an ineffective-assistance claim is of particular concern because the right to effective trial counsel is a bedrock principle in this Nation's Justice System.  (holding in Martinez v. Ryan, 132 S.Ct. 1309 (2012)).

Allowing a federal habeas court to hear a claim of ineffective assistance at trial when an attorney's errors (or an attorney's absence) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that a collateral proceeding, if undertaken with no counsel or ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim.  It thus follows that, when a State requires a prisoner to raise a claim of ineffective assistance at trial in a collateral proceeding, a prisoner may establish cause for a procedural default of such claim in two circumstances: where the state courts did not appoint counsel in the initial-review collateral proceeding for an ineffective-assistance-at-trial claim; and where appointed counsel in the initial-review collateral proceeding, where that claim should have been raised, was ineffective under Strickland v. Washington, 466 U.S. 668.   To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-at-trial claim is substantial.  (holding in Martinez v. Ryan, 132 S.Ct. 1309 (2012)).

Justice Kennedy delivered the opinion of the Court in Martinez v. Ryan, 132 S.Ct. 1309 (2012) stating, To present a claim of ineffective assistance at trial in accordance with the state's procedures, then, a prisoner likely needs an effective attorney.  The same would be true if the state did not appoint an attorney to assist the prisoner in the initial-review collateral proceeding. The prisoner, unlearned in the law, may not comply with the state's procedural rules or may misapprehend the substantive details of federal constitutional law.  Cf., e.g., id., at 620-621 (describing the educational background of the prison population).  While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record.  A prisoner's inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel.  The right to the effective assistance of counsel at trial is a bedrock principle in our justice system.  See e.g., Powell v. Alabama, 287 U.S. 45-69 (1932)("[The defendant] requires the guiding hand of counsel at every step in the proceedings against him.  Without it, though he be not guilty, he faces the danger of conviction because he does not

know how to establish his innocence").   Effective trial counsel preserves claims to be considered on appeal, see e.g., Fed.RuleCrim.Proc. 52 (b), and in federal habeas proceedings, Edwards v. Carpenter, 529 U.S. 446 (2000).

Ineffective-assistance claims often depend on evidence outside the trial record.   Direct appeals, without evidentiary hearings, may not be as effective as other proceedings for developing the factual basis for the claim.

It is an insufficiency of the evidence to support the conviction of first-degree homicide and conspiracy as it pertains to Andre (Dre) Gale, defendant.   The appointed-trial-counsel rendered ineffective-assistance in failing to raise said claims on direct-review on behalf of the defendant.

Appointed-Counsel for the initial-review-collateral-proceeding rendered ineffective assistance of counsel in failing to raise ineffective-assistance-of-trial-counsel based upon the herein enumerated claims.

The defendant asserts that he has a Constitutional Right to an effective attorney on initial-review-collateral-proceeding because collateral review presented the first opportunity at which the defendant could assert an ineffective-assistance-of-trial-counsel claim.

**Failure to consider these claims on its merits will result in a fundamental miscarriage of justice and frustrate the exercise of his Constitutional Right to the effective assistance of counsel.**

## CONCLUSION

WHEREFORE ALL PREMISES CONSIDERED and based upon the aforementioned, petitioner prays that this Honorable Court grant his request for an Evidentiary Hearing on the merits of his claims.

Respectfully Submitted,

*Andre M. Gale*

ANDRE M. GALE, pro se

Pa.D.O.C. #CY9645

1600 Walters Mill Road

Somerset, PA 15510

## CERTIFICATE OF SERVICE

I hereby certify that I am on this date 8-4-12 , serving the foregoing Post-Conviction-Relief-Act (PCRA) petition and memorandum of law in support upon the person(s) listed below Institutional cash-slip and by the United States Postal Service.  Please see Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.ED. 2d. 245 (1988), holding that "a filing by a prisoner be deemed timely as of the date it is handed to prison officials for delivery". This service does satisfy the requirements of Fed.R.App.P. 25(a)(2)(c).

CLERK, U.S. District Court
middle District of PA.
P.O. Box 1148
Scranton, PA 18501- 1148

COPY

COMMONWEALTH

    v.

ANDRE M. GALE

: IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
: NO: 2716 CD 1995
:

## FINAL ORDER

The court has received and reviewed the Defendant's Objection to Intent to Dismiss. None of

the assertions in Defendant's Objection to Intent to Dismiss require reconsideration of the court's

Memorandum Opinion and Order filed June 1, 2012. Accordingly, Defendant's Petition for Post

Conviction Relief is **DISMISSED**.

Defendant is apprised of the right to file an appeal to the Superior Court of Pennsylvania

within *30 days* of the date of receipt of this **ORDER**.

RECEIVED
OFFICE OF
CLERK OF COURTS
2012 JUL 25  AM 10: 13
DAUPHIN COUNTY
PENNA

BY THE COURT:

*Todd Hoover*
_____
TODD A. HOOVER
PRESIDENT JUDGE

**Distribution:**

**Andre M. Gale, #CY9645, SCI Somerset, 1600 Walters Mill Road, Somerset, PA 15510**

**Dauphin County District Attorney's Office**

COPY

COMMONWEALTH          : IN THE COURT OF COMMON PLEAS
                                : DAUPHIN COUNTY, PENNSYLVANIA
           v.                        :
                                : NO: 2716 CD 1995
ANDRE M. GALE             :

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the court on Petitioner's subsequent (fourth) Petition for Post Conviction Relief filed, *pro se*, May 17, 2012. After independent review of the record and for the reasons set forth below, we apprise Petitioner of our **INTENT TO DISMISS** the request for relief under the Post Conviction Relief Act (PCRA).

## <u>PROCEDURAL HISTORY</u>

On March 11, 1996, a jury found Petitioner Andre M. Gale guilty of first degree murder as an accomplice and of conspiracy. This court sentenced Petitioner to life imprisonment on the charge of criminal homicide concurrent with a sentence of five to ten years plus a fine of $100 and the costs of prosecution on the charge of criminal conspiracy. Superior Court affirmed the judgment of the sentence on June 11, 1997. The Pennsylvania Supreme court denied the request for allowance of appeal on October 28, 1997.

On November 24, 1997, Petitioner filed, *pro se*, his first Petition under the Post Conviction Relief Act (PCRA), claiming ineffective counsel. This court issued an Opinion and Order denying Petitioner's request for Post Conviction Relief on August 21, 1998. The Superior Court, affirmed the denial by Memorandum and Order dated August 24, 1999.

On March 25, 2002, Petitioner filed a Notice of Petition for a Writ of Habeas Corpus, which this court treated as a PCRA petition. Petitioner alleged that the indictment under which he was charged lacked specificity and did not include the "elements" of the offense and that judgment was obtained in violation of his rights under the constitutions of the Commonwealth of Pennsylvania and of the United States. This court found that Petitioner was not entitled to relief and denied his request by Memorandum and Order dated July 19, 2002.

On August 5, 2002, Petitioner filed Notice of Appeal, *in forma pauperis*, from the July 19, 2002 Order. This court issued a Pennsylvania Rule of Appellate Procedure 1925(b) Order requiring that Petitioner file a Concise Statement of Matters Complained of on Appeal with a brief in support thereof. Superior Court dismissed the appeal on November 18, 2003 for failure of Petitioner to file a brief. Petitioner untimely filed the requested documents, *pro se*, on November 21, 2003 and sought reinstatement of his appeal. Superior Court denied Petitioner's Motion to Reinstate the Appeal on January 13, 2004.

On October 2, 2007, Petitioner filed, *pro se*, a third Petition for Post Conviction Relief claiming ineffective counsel relative to his appeal. This court dismissed Petitioner's request for relief due to its untimely filing by Memorandum and Order entered January 30, 2008.

On February 13, 2008, Petitioner filed, *pro se*, Notice of Appeal of the January 30, 2008 denial. Petitioner claimed that the failure of his lawyer to file a brief met the timeliness exclusion under Section 9545(b)(1)(iii) pursuant to *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). The Superior Court reasoned that it reviewed the merits of Petitioner's first PCRA Petition and affirmed this court's denial on August 24, 1999. The Superior Court therefore affirmed this court's denial of Petitioner's third Petition for Relief by Memorandum and Order filed December 1, 2008.

On May 17, 2012, Petitioner filed , *pro se*, the instant fourth Petition for Post Conviction

Relief under PCRA; the instant Petition. Petitioner again alleges ineffective assistance of counsel

at trial and at his first PCRA petition as grounds for relief  asks this court to consider *Martinez v.*

*Ryan*, 132 S.Ct. 1309 (2012). Petitioner claims that, pursuant to the holding in that case, his

Petition is timely submitted as provided in Section 9545(b)(1)(iii).


## DISCUSSION

We find that Petitioner's claim is untimely and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012)

inapplicable. The statute requires that a petition be filed within one year of the date the judgment

becomes final unless Petitioner alleges and proves that an exception applies. The Post Conviction

Relief Act states in pertinent part:

> (b) Time for filing petition-
>> (1) Any petition under this subchapter, including a second or
>> subsequent petition, shall be filed within one year of the date the
>> judgment becomes final, unless the petition alleges and the petitioner
>> proves that:
>>> (i) the failure to raise the claim previously was the result of
>>> interference by government officials with the presentation of
>>> the claim in violation of the Constitution or laws of this
>>> Commonwealth or the Constitution or laws of the United
>>> States;
>>> (ii) the facts upon which the claim is predicated were unknown
>>> to the petitioner and could not have been ascertained by the
>>> exercise of due diligence; or
>>> (iii) the right asserted is a constitutional right that was
>>> recognized by the Supreme Court of the United States or the
>>> Supreme Court of Pennsylvania after the period provided in
>>> this section and has been held by that court to apply
>>> retroactively.
>> (2) Any petition invoking an exception provided in paragraph (1) shall
>> be filed within 60 days of the date the claim could  have been
>> presented.
>> (3) For purposes of this subchapter, a judgment becomes final at the
>> conclusion of direct review, including discretionary review in the
>> Supreme Court of the United States and the Supreme Court of
>> Pennsylvania, or the expiration of time for seeking review.

42 Pa. C.S.A. § 9545(b)(1), (2), (3).

A judgment becomes final at "the conclusion of direct review . . . or at the expiration of time for seeking review." (Section 9545(b)(3)). It is well established that if a PCRA petition is untimely filed, a court lacks jurisdiction to address the claims raised in the petition. *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000).

In the instant case, the record indicates that the Petitioner's judgment became final on January 26, 1998, ninety days after the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal and upon the expiration of time for filing a Petition for Review with the United States Supreme Court. Therefore, Petitioner had until one year later, January 26, 1999, to timely file any Petition for Post Conviction Relief. The instant petition was filed on May 17, 2012, in excess of thirteen years beyond the deadline.

We find *Martinez* inapplicable. Martinez sought review in federal court. The United States Supreme Court applied a narrow exception to petitioners seeking federal habeas relief where access to federal courts is barred by default of a state court's procedural rule. The *Martinez* exception does not apply to Petitioner's attempt to renew previously litigated and waived claims.

Accordingly, the petition is untimely and this court lacks jurisdiction to review Petitioner's claims.

For all the foregoing reasons, we enter the following:

## ORDER

**AND NOW**, this 1st day of June, 2012, upon review of Petitioner's *pro se* Petition under the Post Conviction Relief Act, **NOTICE IS HEREBY GIVEN** of this court's *intention to dismiss*

*Petitioner's PCRA Petition* on the basis that Petitioner's claim is untimely. This court is satisfied that there exists no genuine issue of material fact, and that no purpose could be served by any further proceeding.

Petitioner is hereby advised of this court's intention to dismiss his Petition within *twenty days* of the date of this **ORDER**. If no response is filed with the twenty day period, a Final Order dismissing said Petition shall be entered.

BY THE COURT:

TODD A. HOOVER
PRESIDENT JUDGE

**Distribution:**

**Andre M. Gale, #CY9645, SCI Somerset, 1600 Walters Mill Road, Somerset, PA 15510**
**Dauphin County District Attorney's Office**



IN THE COURT OF COMMON PLEAS

DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANDRE GALE, | : |  |
|     DEFENDANT | : |  |
|  |  |  |
|   V. | : | Case No. 2716 CD 1995 |
|  | : |  |
|  |  |  |
| JOHN WETZEL, Secretary of PA.D.O.C. | : |  |
| Et Al, |  |  |
|     Plaintiff | : |  |

OBJECTION TO INTENT TO DISMISS

Now Comes ANDRE GALE, Defendant, for the following reasons does file this objection to this courts intent to dismiss petitioner's request for an Evidentiary Hearing/PCRA RELIEF.

ANDRE GALE, PRO SE
PA.D.O.C. #CY9645
1600 Walters Mill Rd.
Somerset, PA 15510

PROCEDURAL HISTORY


The Defendant was convicted of first-degree homicide and conspiracy following
a jury trial on 3/11/96.   Timely direct appeal was filed.   Affirmed on
7/11/96, Comm. v. Gale, 700 A.2d 1024 (Pa.Super 1997).   Allowance of Appeal to
Supreme Court of PA was denied on 10/28/97, 702 A.2d 1059 (Pa.1997).   First
Post-Conviction Relief Act (PCRA) petition timely filed on 11/24/97. PCRA
Counsel appointed.   Relief denied on 8-21-98.   Superior Court affirmed
judgement on 8/24/99.   Petition filed with District, Sixth Circuit and was
transferred to Third Circuit and denied as untimely.

Subsequent United States Supreme Court Ruling on new Constitutional Law
holding in **Martinez v. Ryan**, 132 S.Ct. 1309 (2012), this Instant Appeal does
follow.

STATEMENT OF JURISDICTION


The Instant Petition is timely filed brought under 42 PA.C.S.A. §9543
(a)(2)(ii),(4) and §9545 (b)(1)(iii).   The right being asserted is a
Constitutional Right that was recognized by the Supreme Court of the United
States or the Supreme Court of Pennsylvania after the time period provided in
this section and has been held by that Court to apply retroactively; and,
(b)(2) Any petition invoking an exception provided in paragraph (1) shall be
filed within 60 days of the date the claim could have been presented.

The claims mentioned herein rely heavily upon a new rule of U.S.
Constitutional Law which was announced by the United States Supreme Court
holding in **Martinez v. Ryan**, 132 S.CT. 1309 (2012), applying retroactively.

OBJECTION

This Court intention to dismiss the petitioner's PCRA petition as untimely filed and inapplicable to the Martinez, exception finds its reasoning or logic in 42 PA.C.S.A. §9545 (b)(3), quoting in part, A judgement becomes final at "the conclusion of direct review...or at the expiration of time for seeking review." The claims of said Court are erroneous.

Glaringly within Martinez v. Ryan, 132 S.Ct. 1309 (2012), the U.S. Supreme Court held, that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.  The Anti-terrorism and Effective Death Penalty Act (AEDPA)...will not...bar petitioner from using ineffectiveness of his post conviction attorney to establish "cause" for his procedural default. Martinez, indeed is applicable to the petitioner's PCRA petition and retroactively applies to Pennsylvania as a whole.  The U.S. Supreme Court's holding "is restricted to cases in which the state has deliberately chosen to move the asserted claim outside of the direct appeal process." 132 S.Ct. at 1318.  Within the Martinez, exception a new rule of law is recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania and has been held by that Court to apply retroactively...to similarly situated individuals on collateral review narrowing the scope or exception in Coleman v. Thompson, 501 U.S. 722 (1991). The U.S. Supreme Court's holding in Martinez, where, under state law, ineffective-assistance-of-trial-counsel claims must be raised in an initial-review collateral proceeding, a procedural default will not bar a...Court from hearing those claims if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.  To present a claim of ineffective assistance at trial in accordance with state procedures, then, a prisoner likely needs an effective attorney.  The would be true if the State did not appoint an attorney for the initial-review-collateral-proceeding.   The prisoner, unlearned in the law, may not comply with the State's procedural rules or may misapprehend the substantive details of Federal Constitutional Law.  While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on the evidence outside of the trial record. 132 S.Ct. 1309, 1317 (2012); effective trial counsel preserves claims to be considered on appeal. Id. at 1317-1318.

3

This Court makes its claim that "the petitioner is attempting to renew previously litigated claims."

The merits of petitioner's claims was never reached due to the lower courts' claim of "we lack the jurisdiction." No claim which the petitioner sets forth herewith was ever previously litigated on the merits. If so, "intervening change of law 132 S.Ct. 1309 (2012) governing right to...hearing warrants relitigation of claim denied in earlier proceeding." Kaufman v. United States, 394 U.S. 217, 230 (1969); and Smith v. Yeager, 393 U.S. 122, 126 (1968)(per curiam). Change of law 132 S.Ct. 1309 (2012), after first petition is denied justifies relitigation of same claim. See Sulie v. Duckworth, 864 F.2d 1348, 1353 (7th cir. 1988), cert. denied, 493 U.S. 828 (1989); and Williams v. Lockhart, 862 F.2d 155, 158 (8th cir. 1988)(invoking the Sanders, test that petition must show "new facts or legal development (132 S.Ct. 1309 (2012)) warranting relitigation of the same claim").

The dismissal of petitioner's first petition prior to merits adjudication was not "on the merits" under circumstances. Johnson v. Lampkin, 769 F.2d 630, 637 (9th cir. 1985). The applicant may be entitled to a new hearing upon showing an intervening 132 S.Ct. 1309 (2012) change in the law. Sanders, 373 U.S. at 17. Also explicitly codifying Sanders', holding in the 1996 Amendments to 28 U.S.C. Sec. 2244(b), Congress limited successive petition dismissals to situations in which relief was denied in the earlier proceeding "after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law". Consistent with this language and the Sanders holding, the Courts have concluded that with prejudice dismissals prior petitions are not on the merits when; the claim as pleaded in either the prior or current petition alleges dispositive facts that are not conclusively disproved by the record and that were not tested at an Evidentiary Hearing in the prior proceeding. Sanders, 373 U.S. at 5, 16, 19-20.

Relitigation of issues previously determined in the same litigation is controlled by principles of the law of the case doctrine rather than collateral estoppel. An intervening change in controlling law is an exception to the law of the case doctrine. Zichy v. Philadelphia, 590 F.2d 503, 508 (3rd cir. (1979)(applying Supreme Court Case decided after earlier panel's decision in the same case in order to reverse earlier panel's decision).

Atkins v. Virginia, 536 U.S. 304 (2002), "claim made all other claims in the petition timely." Also see, Walker v. Crosby, 341 F.3d 1240, 1242 (11th cir. 2003), allowing the "resurrection of what seem to be time-barred claims to tag along on the Coat-Tails of a timely claim", quoting Artuz v. Bennett, 531 U.S. 4 (2000).

The procedural history of a case has nothing to do with the substantive facts of a case. Sanders v. United States, 373 U.S. 1, 9 (1963). Justice Brennan noted, (c)onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of a Constitutional right is alleged.

CONCLUSION

WHEREFORE ALL PREMISES CONSIDERED and based upon the aforementioned, the petitioner prays that this Court grant his request for an Evidentiary Hearing on the merits of his claims.

Requestfully Submitted,

ANDRE GALE, pro se
PA.D.O.C. #CY9645
1600 Walters Mill Road
Somerset, PA 15510

5

CERTIFICATE OF SERVICE


I hereby certify on this date 6/13/12, am serving the foregoing "Objection To This Court's Intent To Dismiss", the petitioner's PCRA petition; upon the person(s) listed below by institutional cash-slip and by United States Postal Service.   Also see, Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.ED. 2d. 245 (1988), holding: that a filing by a prisoner be deemed timely as of the date it is handed to prison officials for delivery.
This service does satisfy the requirements of Fed.R.App.P. 25(a)(2)(c).


Clerk, Common Pleas Court of Dauphin County
Dauphin County Courthouse
101 Market st.
HBG., PA 17101

Office of District Attorney
Dauphin County Courthouse
101 Market st.
HBG., PA 17101

6