IN THE UNITED STATES DISTRICT COURT FOR

MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANDRE GALE, | : | |
| Petitioner | : | |
| | : | |
| v. | : | Civil Action No. 1:12–CV–1315 |
| | : | |
| | | |
| JOHN WETZEL, et al., | : | |
| Respondents | : | |

MEMORANDUM OF LAW IN SUPPORT OF POST–CONVICTION
RELIEF–ACT (PCRA) PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, Andre Gale, petitioner, respectfully requests leave to file this memorandum of law in support of §2254 application.

Jurisdiction is predicated upon the fifth, sixth and fourteenth Amendment(s) of the United States Constitution and <u>Martinez v. Ryan,</u> 132 S.CT. 1309 (2012).

Andre Gale, In Propria Persona
PA.D.O.C. #CY9645
1600 Walters Mill Road
Somerset, PA. 15510

FILED
SCRANTON

AUG 1 3 2012

MARY E. D'ANDREA, CLERK
Per_____

## STATEMENT OF JURISDICTION

The instant petition is timely filed under 42 Pa.C.S.A. §9545 (b)(1)(iii) the right asserted is a Constitutional Right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that Court to apply retroactively; and, (b)(2) Any petiton invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

The claims in the instant matter rely heavily upon the new rule of U.S. Constitutional Law which was announced by the United States Supreme Court decision in Martinez v. Ryan, 132 S.CT. 1309 (March 19, 2012).

### SCOPE AND STANDARD OF REVIEW

The scope and standard of review when evaluating a claim of ineffective assistance of counsel on direct appeal and first counsel for initial-review collateral proceeding is well settled. The defendant still must establish that the course of action chosen by his counsel had no reasonable basis designed to effectuate the client's interests. Martinez v. Ryan, 132 S.CT. 1309 (2012). In the instant matter the issue of Constitutonal ineffective assistance of counsel is glaring.

## PROCEDURAL HISTORY

The Defendant was convicted of first-degree homicide and conspiracy following a jury trial on 3-11-96.   Timely direct appeal was filed.   Affirmed on 7-11-97, Comm. v. Gale, 700 A.2d 1024 (Pa.Super 1997).   Allowance of Appeal to Supreme Court of PA was denied 10-28-97, Comm. v. Gale, 702 A.2d 1059 (Pa.1997).   First Post-Conviction Relief Act (PCRA) Petition timely filed on 11-24-97.   PCRA Counsel appointed.   Relief denied on 8-21-98.   Superior Court affirmed judgement on 8-24-99.   Other petitions filed with the District, Third and Sixth Circuit Court and denied as being untimely.

Subsequent United States Supreme Court ruling on new Constitutional Law in Martinez v. Ryan, 132 S.Ct. 1309 (2012) this Instant Appeal follows.

## STATEMENT OF QUESTIONS

• WAS FIRST POST-CONVICTION-COUNSEL CONSTITUTIONALLY INEFFECTIVE IN FAILING TO RAISE THE SAID CLAIMS OF INEFFECTIVE-ASSISTANCE-OF-TRIAL-COUNSEL IN THE INITIAL-REVIEW COLLATERAL-PROCEEDING

• DID TRIAL COUNSEL RENDER CONSTITUTIONAL INEFFECTIVE ASSISTANCE IN FAILING TO RAISE THE SAID CLAIMS ON DIRECT APPEAL

• DID THE DEFENDANT HAVE A UNITED STATES CONSTITUTIONAL RIGHT TO AN EFFECTIVE ATTORNEY IN THE FIRST-REVIEW-COLLATERAL-PROCEEDING BECAUSE IT WAS THE FIRST PLACE TO RAISE HIS CLAIM OF INEFFECTIVE ASSISTANCE-OF-TRIAL-COUNSEL

**ARGUMENT**

The holding in Martinez v. Ryan, 132 S.CT. 1309 (2012), here, where the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise the ineffective-assistance claim, the collateral proceeding is the equivalent of a prisoner's direct appeal as to that claim because the state habeas court decides the claim's merits, no other court has addressed the claim, and defendants "are generally ill equipped to represent themselves" where they have no brief from counsel and no court opinion addressing their claim. Halbert v. Michigan, 545 U.S. 605.

The Defendant alleges that he received ineffective assistance of counsel at trial, but that his state-appointed appellate counsel failed to raise his claims in the first state post-conviction relief proceeding brought on his behalf. The Defendant asserts a federal constitutional right to the effective assistance of counsel in connection with his state proceeding. He contends that the right to the effective assistance of appellate counsel is fundamentally a right to counsel in connection with the presentation of a claim of error at the first tier of review. Halbert v. Michigan, 545 U.S. 605, 125 S.Ct. 2582, 162 L.ED. 2d 552 (2005) & Douglass v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.ED. 2d 811 (1963). Collateral review presented the first opportunity at which the defendant could assert an ineffective-assistance-of-trial-counsel claim. The Defendant therefore reasons that he has a right to the effective assistance of counsel in the first post-conviction relief proceeding in which he could present a claim of ineffective assistance by his trial counsel.

Trial Counsel rendered Constitutional ineffective-assistance in failing to raise on direct appeal:

1. The Probable Cause Affidavit on its face lacks probable cause as it pertains to said defendant. It demonstrates insufficient evidence to support the arrest of said defendant charging him with first-degree murder and conspiracy. Upon viewing this probable cause affidavit, which remains unsigned, it shows that two individuals, someone other than the defendant, was identified by alleged witnesses Keontay Hodge and Virginia Garcia as to being involved in the offense. See Exibits. It does not state that the defendant was ever identified nor had any involvement.

Not a single witness identified the defendant.  None of the alleged witnesses picked the photo of defendant from photo array to implicate him in the incident.

2. the fact that Detective Kevin Duffin of the Harrisburg Bureau of Police testified under sworn oath outside the presence of the jury stating "upon showing the photo array to alleged eyewitness Keontay Hodge on two seperate occasions she did not pick out the photograph of Andre Gale, defendant, on both occasions."  Then trial counsel for defendant questioned the Detective and asked "would she be mistaken if she said that she did identify Mr. Gale?" The Detective replied "she would be mistaken because I showed her the photo array twice."  (See Exibits).  According to the Probable Cause Affidavit the two alleged eyewitnesses identified the same individuals, two men other than the defendant.  (See Exibits).

3. the insufficient evidence within the voluntary statement of the alleged eyewitness Keontay Hodge to arrest, charge and convict defendant of first-degree homicide and conspiracy.  Upon viewing the statement of the alleged eyewitness Hodge, Andre (a.k.a. Dre) Gale, defendant, is never mentioned.  In fact, none of the alleged witnesses picked the photograph of defendant.

4. the fact that the prosecution, created a suggestive environment calculated to induce Hodge to make a constitutionally inadmissible and suggestive identification of the defendant.  At the Preliminary Hearing, said defendant sat at the exact table across from a previously identified individual.  He and the defendant was wearing orange jumpsuits with BIG LETTERS D.C.P. on the back.  Most importantly said defendant was seated by his Private Counsel with the back of his head toward the direction of the alleged witness who entered the courtroom and took the stand after said defendant was seated.  Not once was the defendant face-to-face with Hodge, during the Preliminary Hearing. The said defendant kept the back of his head toward the direction of Ms. Hodge upon the instructions of his private attorney.

Private Counsel for the defendant asked Ms. Hodge to give a facial description of defendant.  This alleged eyewitness refused by stating "I never said I saw his face.  I just know he killed my friend."  This witness, in particular, pointed an accusing finger at the defendant due to him wearing an orange Dauphin County Prison jumpsuit, sitting at the same table with one of the

individual(s) she previously identified as being the shooter. Indeed this particular identification was constitutionally suggestive. See Com. v. Fowler, 352 A.2d 17, 466 Pa. 198 (Pa. 1976). < > The prosecution called numerous witnesses to testify at trial. None of these witnesses implicated or identified the defendant with the exception of Keontay Hodge. This is the alleged witness Detective Duffin twice showed the photo array to her and she did not pick the photograph of Andre (Dre) Gale, defendant, on both occasions. At trial she alleged that the defendant murdered Samuel Hicks Jr. But prior to trial, no out-of-court-identification of the defendant was made. And case law clearly states "A witness shall not point an accusing finger in-court at a defendant without first making an out-of-court identification." **Fowler.**

5.   The defendant's constitutional right to confront his accuser was violated. Within the voluntary statement of co-defendant Brian Wells, he alleges that himself, Matthew (Ted Black) Robinson and the defendant was together. Mr. Wells refused to take the stand to testify as to the truthfulness of his allegations. Therefore a redacted version of his statement was read to the jury. Indeed this violated said defendant federally guaranteed right to confront his accuser because "a redacted statement is the same as the actual statement." This caused a miscarriage of justice even after said defendant diligently sought a separate trial.

6.   The failure to corroborate or even develop the statements of the alibi witnesses which testimony said defendant presented at trial substantiating the fact that he was not at the scene of the incident but rather was present at a local Bar & Grill located several miles away along with the alibi witnesses.  "A defense that places the defendant at the relevant time in a different place than the scene involved and removed therefrom as to render it impossible for him to be the guilty party." See Com. v. Kolenda, 676 A.2d 1187 (Pa.1996).  Also, "the alibi defense, either standing alone or together with other evidence may be sufficient to leave the mind of the jury with reasonable doubt which, without it might not otherwise exist." Com. v. Whiting, 187 A.2d 563 (1963).

The defendant received ineffective assistance of trial counsel in failing to have any of these claims raised on direct-appeal and that his state-appointed appellate-counsel failed to raise his claim of ineffective-assistance-of-trial-counsel in the initial-review-collateral-proceeding brought on his behalf.

An attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the state is ineffective the prisoner has been denied fair process and the opportunity to comply with the state's procedures and obtain an adjudication on the merits of his claim.  Without adequate representation in an initial-review collateral proceeding, a prisoner will have similar difficulties vindicating a substantial ineffective-assistance-at-trial claim.

The same would be true if the State did not appoint an attorney for the initial-review-collateral-proceeding. A prisoner's inability to present an ineffective-assistance claim is of particular concern because the right to effective trial counsel is a bedrock principle in this Nation's Justice System. (holding in Martinez v. Ryan, 132 S.Ct. 1309 (2012)).

Allowing a federal habeas court to hear a claim of ineffective assistance at trial when an attorney's errors (or an attorney's absence) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that a collateral proceeding, if undertaken with no counsel or ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. It thus follows that, when a State requires a prisoner to raise a claim of ineffective assistance at trial in a collateral proceeding, a prisoner may establish cause for a procedural default of such claim in two circumstances: where the state courts did not appoint counsel in the initial-review collateral proceeding for an ineffective-assistance-at-trial claim; and where appointed counsel in the initial-review collateral proceeding, where that claim should have been raised, was ineffective under Strickland v. Washington, 466 U.S. 668. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-at-trial claim is substantial. (holding in Martinez v. Ryan, 132 S.Ct. 1309 (2012)).

Justice Kennedy delivered the opinion of the Court in Martinez v. Ryan, 132 S.Ct. 1309 (2012) stating, To present a claim of ineffective assistance at trial in accordance with the state's procedures, then, a prisoner likely needs an effective attorney. The same would be true if the state did not appoint an attorney to assist the prisoner in the initial-review collateral proceeding. The prisoner, unlearned in the law, may not comply with the state's procedural rules or may misapprehend the substantive details of federal constitutional law. Cf., e.g., id., at 620-621 (describing the educational background of the prison population). While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record. A prisoner's inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel. The right to the effective assistance of counsel at trial is a bedrock principle in our justice system. See e.g., Powell v. Alabama, 287 U.S. 45-69 (1932)("[The defendant] requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not

know how to establish his innocence"). Effective trial counsel preserves claims to be considered on appeal, see e.g., Fed.RuleCrim.Proc. 52 (b), and in federal habeas proceedings, Edwards v. Carpenter, 529 U.S. 446 (2000). Ineffective-assistance claims often depend on evidence outside the trial record. Direct appeals, without evidentiary hearings, may not be as effective as other proceedings for developing the factual basis for the claim.

It is an insufficiency of the evidence to support the conviction of first-degree homicide and conspiracy as it pertains to Andre (Dre) Gale, defendant. The appointed-trial-counsel rendered ineffective-assistance in failing to raise said claims on direct-review on behalf of the defendant.

Appointed-Counsel for the initial-review-collateral-proceeding rendered ineffective assistance of counsel in failing to raise ineffective-assistance-of-trial-counsel based upon the herein enumerated claims.

The defendant asserts that he has a Constitutional Right to an effective attorney on initial-review-collateral-proceeding because collateral review presented the first opportunity at which the defendant could assert an ineffective-assistance-of-trial-counsel claim.

Failure to consider these claims on its merits will result in a fundamental miscarriage of justice and frustrate the exercise of his Constitutional Right to the effective assistance of counsel.

## CONCLUSION

WHEREFORE ALL PREMISES CONSIDERED and based upon the aforementioned, petitioner prays that this Honorable Court grant his request for an Evidentiary Hearing on the merits of his claims.

Respectfully Submitted,

*andre m. Gale*

ANDRE M. GALE, pro se

Pa.D.O.C. #CY9645

1600 Walters Mill Road

Somerset, PA 15510

## CERTIFICATE OF SERVICE

I hereby certify that I am on this date 8-4-12 , serving the foregoing Post-Conviction-Relief-Act (PCRA) petition and memorandum of law in support upon the person(s) listed below Institutional cash-slip and by the United States Postal Service.   Please see Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.ED. 2d. 245 (1988), holding that "a filing by a prisoner be deemed timely as of the date it is handed to prison officials for delivery". This service does satisfy the requirements of Fed.R.App.P. 25(a)(2)(c).

CLERK, U.S. District Court
middle District of PA.
P.O. Box 1148
Scranton, PA 18501- 1148

COMMONWEALTH

    v.

ANDRE M. GALE

: IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
: NO: 2716 CD 1995
:

## FINAL ORDER

The court has received and reviewed the Defendant's Objection to Intent to Dismiss. None of

the assertions in Defendant's Objection to Intent to Dismiss require reconsideration of the court's

Memorandum Opinion and Order filed June 1, 2012.  Accordingly, Defendant's Petition for Post

Conviction Relief is **DISMISSED**.

Defendant is apprised of the right to file an appeal to the Superior Court of Pennsylvania

within *30 days* of the date of receipt of this **ORDER**.

RECEIVED
OFFICE OF
CLERK OF COURTS
2012 JUL 25  AM 10: 13
DAUPHIN COUNTY
PENNA

BY THE COURT:

*Todd Hoover*

————————————————
TODD A. HOOVER
PRESIDENT JUDGE

**Distribution:**

Andre M. Gale, #CY9645, SCI Somerset, 1600 Walters Mill Road, Somerset, PA 15510

**Dauphin County District Attorney's Office**



COMMONWEALTH            : IN THE COURT OF COMMON PLEAS
                                    : DAUPHIN COUNTY, PENNSYLVANIA
         v.                        :
                                    : NO: 2716 CD 1995
ANDRE M. GALE                    :

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Petitioner's subsequent (fourth) Petition for Post Conviction Relief filed, *pro se*, May 17, 2012. After independent review of the record and for the reasons set forth below, we apprise Petitioner of our **INTENT TO DISMISS** the request for relief under the Post Conviction Relief Act (PCRA).

## PROCEDURAL HISTORY

On March 11, 1996, a jury found Petitioner Andre M. Gale guilty of first degree murder as an accomplice and of conspiracy. This court sentenced Petitioner to life imprisonment on the charge of criminal homicide concurrent with a sentence of five to ten years plus a fine of $100 and the costs of prosecution on the charge of criminal conspiracy. Superior Court affirmed the judgment of the sentence on June 11, 1997. The Pennsylvania Supreme court denied the request for allowance of appeal on October 28, 1997.

On November 24, 1997, Petitioner filed, *pro se*, his first Petition under the Post Conviction Relief Act (PCRA), claiming ineffective counsel. This court issued an Opinion and Order denying Petitioner's request for Post Conviction Relief on August 21, 1998. The Superior Court, affirmed the denial by Memorandum and Order dated August 24, 1999.

On March 25, 2002, Petitioner filed a Notice of Petition for a Writ of Habeas Corpus, which this court treated as a PCRA petition. Petitioner alleged that the indictment under which he was charged lacked specificity and did not include the "elements" of the offense and that judgment was obtained in violation of his rights under the constitutions of the Commonwealth of Pennsylvania and of the United States. This court found that Petitioner was not entitled to relief and denied his request by Memorandum and Order dated July 19, 2002.

On August 5, 2002, Petitioner filed Notice of Appeal, *in forma pauperis*, from the July 19, 2002 Order. This court issued a Pennsylvania Rule of Appellate Procedure 1925(b) Order requiring that Petitioner file a Concise Statement of Matters Complained of on Appeal with a brief in support thereof. Superior Court dismissed the appeal on November 18, 2003 for failure of Petitioner to file a brief. Petitioner untimely filed the requested documents, *pro se*, on November 21, 2003 and sought reinstatement of his appeal. Superior Court denied Petitioner's Motion to Reinstate the Appeal on January 13, 2004.

On October 2, 2007, Petitioner filed, *pro se*, a third Petition for Post Conviction Relief claiming ineffective counsel relative to his appeal. This court dismissed Petitioner's request for relief due to its untimely filing by Memorandum and Order entered January 30, 2008.

On February 13, 2008, Petitioner filed, *pro se*, Notice of Appeal of the January 30, 2008 denial. Petitioner claimed that the failure of his lawyer to file a brief met the timeliness exclusion under Section 9545(b)(1)(iii) pursuant to *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). The Superior Court reasoned that it reviewed the merits of Petitioner's first PCRA Petition and affirmed this court's denial on August 24, 1999. The Superior Court therefore affirmed this court's denial of Petitioner's third Petition for Relief by Memorandum and Order filed December 1, 2008.

On May 17, 2012, Petitioner filed , *pro se*, the instant fourth Petition for Post Conviction Relief under PCRA; the instant Petition. Petitioner again alleges ineffective assistance of counsel at trial and at his first PCRA petition as grounds for relief asks this court to consider *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Petitioner claims that, pursuant to the holding in that case, his Petition is timely submitted as provided in Section 9545(b)(1)(iii).

## DISCUSSION

We find that Petitioner's claim is untimely and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) inapplicable. The statute requires that a petition be filed within one year of the date the judgment becomes final unless Petitioner alleges and proves that an exception applies. The Post Conviction Relief Act states in pertinent part:

> (b) Time for filing petition-
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the period provided in this section and has been held by that court to apply retroactively.
>> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review.

42 Pa. C.S.A. § 9545(b)(1), (2), (3).

A judgment becomes final at "the conclusion of direct review . . . or at the expiration of time for seeking review." (Section 9545(b)(3)).  It is well established that if a PCRA petition is untimely filed, a court lacks jurisdiction to address the claims raised in the petition. *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000).

In the instant case, the record indicates that the Petitioner's judgment became final on January 26, 1998, ninety days after the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal and upon the expiration of time for filing a Petition for Review with the United States Supreme Court. Therefore, Petitioner had until one year later, January 26, 1999, to timely file any Petition for Post Conviction Relief. The instant petition was filed on May 17, 2012, in excess of thirteen years beyond the deadline.

We find *Martinez* inapplicable. Martinez sought review in federal court. The United States Supreme Court applied a narrow exception to petitioners seeking federal habeas relief where access to federal courts is barred by default of a state court's procedural rule. The *Martinez* exception does not apply to Petitioner's attempt to renew previously litigated and waived claims.

Accordingly, the petition is untimely and this court lacks jurisdiction to review Petitioner's claims.

For all the foregoing reasons, we enter the following:

## ORDER

AND NOW, this 1st day of June, 2012, upon review of Petitioner's *pro se* Petition under the Post Conviction Relief Act, **NOTICE IS HEREBY GIVEN** of this court's *intention to dismiss*

*Petitioner's PCRA Petition* on the basis that Petitioner's claim is untimely. This court is satisfied that there exists no genuine issue of material fact, and that no purpose could be served by any further proceeding.

Petitioner is hereby advised of this court's intention to dismiss his Petition within *twenty days* of the date of this **ORDER**. If no response is filed with the twenty day period, a Final Order dismissing said Petition shall be entered.

BY THE COURT:

*Todd Hoover*

TODD A. HOOVER
PRESIDENT JUDGE

**Distribution:**

**Andre M. Gale, #CY9645, SCI Somerset, 1600 Walters Mill Road, Somerset, PA 15510
Dauphin County District Attorney's Office**



IN THE COURT OF COMMON PLEAS

DAUPHIN COUNTY, PENNSYLVANIA

|                                            |     |                       |
|--------------------------------------------|-----|-----------------------|
| ANDRE GALE,<br>    DEFENDANT | :   |                       |
|                                            | :   |                       |
| V.                                         | :   | Case No. 2716 CD 1995 |
|                                            | :   |                       |
| JOHN WETZEL, Secretary of PA.D.O.C.<br>Et Al,<br>    Plaintiff | :   |                       |
|                                            | :   |                       |

OBJECTION TO INTENT TO DISMISS

Now Comes ANDRE GALE, Defendant, for the following reasons does file this objection to this courts intent to dismiss petitioner's request for an Evidentiary Hearing/PCRA RELIEF.

ANDRE GALE, PRO SE

PA.D.O.C. #CY9645

1600 Walters Mill Rd.

Somerset, PA 15510

## PROCEDURAL HISTORY

The Defendant was convicted of first-degree homicide and conspiracy following a jury trial on 3/11/96.    Timely direct appeal was filed.    Affirmed on 7/11/96, Comm. v. Gale, 700 A.2d 1024 (Pa.Super 1997).  Allowance of Appeal to Supreme Court of PA was denied on 10/28/97, 702 A.2d 1059 (Pa.1997).    First Post-Conviction Relief Act (PCRA) petition timely filed on 11/24/97. PCRA

Counsel appointed.    Relief denied on 8-21-98.    Superior Court affirmed judgement on 8/24/99.    Petition filed with District, Sixth Circuit and was transferred to Third Circuit and denied as untimely.

Subsequent United States Supreme Court Ruling on new Constitutional Law holding in **Martinez v. Ryan,** 132 S.Ct. 1309 (2012), this Instant Appeal does follow.

## STATEMENT OF JURISDICTION

The Instant Petition is timely filed brought under 42 PA.C.S.A. §9543 (a)(2)(ii),(4) and §9545 (b)(1)(iii).    The right being asserted is a Constitutional Right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that Court to apply retroactively; and, (b)(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

The claims mentioned herein rely heavily upon a new rule of U.S. Constitutional Law which was announced by the United States Supreme Court holding in **Martinez v. Ryan,** 132 S.CT. 1309 (2012), applying retroactively.

OBJECTION

This Court intention to dismiss the petitioner's PCRA petition as untimely filed and inapplicable to the Martinez, exception finds its reasoning or logic in 42 PA.C.S.A. §9545 (b)(3), quoting in part, A judgement becomes final at "the conclusion of direct review...or at the expiration of time for seeking review." The claims of said Court are erroneous.

Glaringly within Martinez v. Ryan, 132 S.Ct. 1309 (2012), the U.S. Supreme Court held, that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.   The Anti-terrorism and Effective Death Penalty Act (AEDPA)...will not...bar petitioner from using ineffectiveness of his post conviction attorney to establish "cause" for his procedural default. Martinez, indeed is applicable to the petitioner's PCRA petition and retroactively applies to Pennsylvania as a whole.   The U.S. Supreme Court's holding "is restricted to cases in which the state has deliberately chosen to move the asserted claim outside of the direct appeal process." 132 S.Ct. at 1318.   Within the Martinez, exception a new rule of law is recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania and has been held by that Court to apply retroactively...to similarly situated individuals on collateral review narrowing the scope or exception in Coleman v. Thompson, 501 U.S. 722 (1991). The U.S. Supreme Court's holding in Martinez, where, under state law, ineffective-assistance-of-trial-counsel claims must be raised in an initial-review collateral proceeding, a procedural default will not bar a...Court from hearing those claims if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.   To present a claim of ineffective assistance at trial in accordance with state procedures, then, a prisoner likely needs an effective attorney.   The would be true if the State did not appoint an attorney for the initial-review-collateral-proceeding.   The prisoner, unlearned in the law, may not comply with the State's procedural rules or may misapprehend the substantive details of Federal Constitutional Law.   While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on the evidence outside of the trial record. 132 S.Ct. 1309, 1317 (2012); effective trial counsel preserves claims to be considered on appeal. Id. at 1317-1318.

This Court makes its claim that "the petitioner is attempting to renew previously litigated claims."

The merits of petitioner's claims was never reached due to the lower courts' claim of "we lack the jurisdiction." No claim which the petitioner sets forth herewith was ever previously litigated on the merits. If so, "intervening change of law 132 S.Ct. 1309 (2012) governing right to...hearing warrants relitigation of claim denied in earlier proceeding." Kaufman v. United States, 394 U.S. 217, 230 (1969); and Smith v. Yeager, 393 U.S. 122, 126 (1968)(per curiam). Change of law 132 S.Ct. 1309 (2012), after first petition is denied justifies relitigation of same claim. See Sulie v. Duckworth, 864 F.2d 1348, 1353 (7th cir. 1988), cert. denied, 493 U.S. 828 (1989); and Williams v. Lockhart, 862 F.2d 155, 158 (8th cir. 1988)(invoking the Sanders, test that petition must show "new facts or legal development (132 S.Ct. 1309 (2012)) warranting relitigation of the same claim").

The dismissal of petitioner's first petition prior to merits adjudication was not "on the merits" under circumstances. Johnson v. Lampkin, 769 F.2d 630, 637 (9th cir. 1985). The applicant may be entitled to a new hearing upon showing an intervening 132 S.Ct. 1309 (2012) change in the law. Sanders, 373 U.S. at 17. Also explicitly codifying Sanders', holding in the 1996 Amendments to 28 U.S.C. Sec. 2244(b), Congress limited successive petition dismissals to situations in which relief was denied in the earlier proceeding "after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law". Consistent with this language and the Sanders holding, the Courts have concluded that with prejudice dismissals prior petitions are not on the merits when; the claim as pleaded in either the prior or current petition alleges dispositive facts that are not conclusively disproved by the record and that were not tested at an Evidentiary Hearing in the prior proceeding. Sanders, 373 U.S. at 5, 16, 19-20.

Relitigation of issues previously determined in the same litigation is controlled by principles of the law of the case doctrine rather than collateral estoppel. An intervening change in controlling law is an exception to the law of the case doctrine. Zichy v. Philadelphia, 590 F.2d 503, 508 (3rd cir. (1979)(applying Supreme Court Case decided after earlier panel's decision in the same case in order to reverse earlier panel's decision).

Atkins v. Virginia, 536 U.S. 304 (2002), "claim made all other claims in the petition timely." Also see, Walker v. Crosby, 341 F.3d 1240, 1242 (11th cir. 2003), allowing the "resurrection of what seem to be time-barred claims to tag along on the Coat-Tails of a timely claim", quoting Artuz v. Bennett, 531 U.S. 4 (2000).

The procedural history of a case has nothing to do with the substantive facts of a case. Sanders v. United States, 373 U.S. 1, 8 (1963). Justice Brennan noted, (c)onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of a Constitutional right is alleged.

CONCLUSION

WHEREFORE ALL PREMISES CONSIDERED and based upon the aforementioned, the petitioner prays that this Court grant his request for an Evidentiary Hearing on the merits of his claims.

Requestfully Submitted,

Andre Gale.

ANDRE GALE, pro se
PA.D.O.C. #CY9645
1600 Walters Mill Road
Somerset, PA 15510

CERTIFICATE OF SERVICE


I hereby certify on this date 6/13/12, am serving the foregoing "Objection To This Court's Intent To Dismiss", the petitioner's PCRA petition; upon the person(s) listed below by institutional cash-slip and by United States Postal Service.   Also see, Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.ED. 2d. 245 (1988), holding: that a filing by a prisoner be deemed timely as of the date it is handed to prison officials for delivery.
This service does satisfy the requirements of Fed.R.App.P. 25(a)(2)(c).


Clerk, Common Pleas Court of Dauphin County
Dauphin County Courthouse
101 Market st.
HBG., PA 17101

Office of District Attorney
Dauphin County Courthouse
101 Market st.
HBG., PA 17101

6