```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF PA.
```

ANDRE GALE,
    Petitioner

V.

Case No. 1:12-CV-1315

JOHN WETZEL, et al.,
    Respondents

## NOTICE

NOTICE IS HEREBY GIVEN that the petitioner enters the foregoing OBJECTION to magistrate judge Blewitt's Report and Recommendation dated 9-27-12.

It is cruel and unusual in further denying the petitioner equal protection from ineffective-assistance trial-counsel on direct appeal and counsel for the initial-review collateral proceeding and the complete lack of due process of law under the U.S. Constitution's Sixth, Eigth and Fourteenth Amendments in refusing to grant Evidentiary Hearing on the merits of his similarly situated claims , herein mentioned, in accordance to the holding in Martinez v. Ryan, 132 S.Ct 1309 (2012).

**FILED
SCRANTON**

OCT 1 5 2012

PER _____ DEPUTY CLERK

Andre Gale, In Propria Persona
#CY9645
1600 Walters Mill Road
Somerset, PA 15510

The petitioner did indeed file a timely response to the Respondent's Motion To Dismiss. See enclosed copy of institutional cash-slip verified by prison officials and the first & last page of the 28 U.S.C. §2244 application as proof. Also see first paragraph, at page 5 of magistrate's Report and Recommendation.

This petition is timely because petitioner has filed it within 60 days of Martinez v. Ryan, 132 S.Ct 1309 May 19, 2012. 42 Pa.C.S. §9545(b)(2). This newly-recognized U.S. Constitutional right could not have been raised in any of petitioner's previous appeals. Petitioner must prove its retroactivity under the PCRA's third timeliness exception in 42 Pa.C.S. §9545(b)(1)(iii). The right asserted is a constitutional right that was recognized by the Supreme Court of the United States...after the time period provided in this section and has been held by that court to apply retroactively.
Commonwealth v. Abdul-Salaam, 812 A.2d 497, 501 (Pa.2002) "a petitioner must prove that there is a new constitutional right and that the tight has been held by that court to apply retroactively".

The retroactivity of U.S. Supreme Court decisions is controlled by that court's decision in Teague v. Lane, 489 U.S. 288 (1989). In Teague, the court decided that a new constitutional right must be fully retroactive to cases on collateral review when it represents time and growth in social capacity: [I]n some situations it might be that time and growth in social capacity, as well as judicial perceptions of what we can rightly demand of the adjudicatory process, will properly alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction. Id. at 489 U.S. 311. Furthermore, the court held that it would not create any new constitutional rights unless it intended them to be applied with full retroactivity to cases on collateral review: We can simply refuse to announce a new rule in a given case unless the rule would be applied retroactively to the defendant in the case and to all others similarly situated... This practice is rooted in our reluctance to decide constitutional questions unnecessarily... We therefore that, implicit in the retroactivity approach we adopt today, is the principle that habeas corpus cannot be used as a vehicle to create new constitutional rules of criminal procedure unless those rules would be applied retroactively to all defendants on collateral review.

Id. at LEXIS *17 (citations omitted). The Eighth Amendment's focus on evolving standards of decency and the progress of a maturing society distinguish that amendment from every other constitutional right because it is the only right expected to continuously expand over time. While every other constitutional right finds its strength in its original intent, the Eighth Amendment right to be free from cruel and unusual punishments is expected to grow broader and stronger as time goes by. For that reason, Eighth Amendment retroactivity is uniquely suited to the Teague expectation that, with "time and growth in social capacity", (132 S.Ct 1309 (2012)) the Eighth Amendment will expand "according to the evolving standards of decency that mark the progress of a maturing society." Miller, Id.

Therefore, new Eighth Amendment rights are fully retroactive to defendants on collateral review because they exemplify the "time and growth in social capacity (132 S.Ct 1309 (2012)), as well as judicial perceptions of what we can rightly demand of the adjudicatory process." Teague, Id.

Equal Protection requires that if a rule is applied to the defendant in the case announcing the rule, it should be applied to others similarly situated: [T]he harm caused by the failure to treat similarly situated defendants alike cannot be exaggerated; such inequitable treatment hardly comports with the ideal of administration of justice with an even hand. See: Magistrate's Report & Recommendation, page 6-14, at Discussion, second paragraph.

The gate-keeping provisions of AEDPA greatly restrict the power of federal courts to award relief to state prisoners who file second or successive §2254 applications. However, the Supreme Court, Justice Scalia, held that clearly established federal law as determined by the Supreme Court, for temporal purposes under the provision of the Antiterrorism and Effective Death Penalty Act (AEDPA) allowing federal habeas review of a state prisoner's claim adjudicated on the merits in state-court proceedings if the adjudication of that claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, is the law at the time of the state-court adjudication on the merits. See Greene v. Fisher, 132 S.Ct. 38 (2011). Also, see: Magistrate's Report & Recommendation, page 6-14, at Discussion, second paragraph. Martinez v. Ryan, 132 S.Ct. 1309 (2012) held: where, under state law, ineffective-assistance of trial-counsel claims must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing those claims if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Pp. 5-14.

In Vazquez v. Wilson, (C.A.3(Pa.)2008) The Court of Appeals, Greenberg, Circuit Judge, held that: "state appellate court unreasonably applied Confrontation Clause law by approving admission of non-testifying codefendant's redacted statement, and Bruton error was prejudicial." In the instant matter, the defendant was deprived of his rights under Confrontation Clause and Equal Protection (U.S.C.A. Const.Amend.6, 14) when a non-testifying codefendant's statement naming him is introduced at their joint trial, even if trial court instructs jury to consider statement only against non-testifying codefendant (Original Voluntary Statement of Brian J. Wells, & N.T. Pg. 380, lin. 15-18). Within the voluntary statement codefendant Wells' he implicates the defendant in alleging he was together with defendant at time of crime. Wells' refused to testify as to the truthfulness of his allegations. Subsequently, trial-court allowed the redacted version of his statement to be introduced at their joint-trial. A redacted statement is the same as the actual statement. The defendant request for a severance was denied. Rules 8(b) and 14 of the Federal Rules of Criminal Procedure, which deal with joinder of defendants, are designed to promote economy and efficiency and to avoid a multiplicity of trials where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.

In an opinion by Brennan, J., expressing the views of five members of the court, it was held "that since Evans did not testify, the introduction of his confession added substantial weight to the government's case in a form not subject to cross-examination, thereby violating Bruton's Sixth Amendment right of cross-examination, and that this encroachment on Bruton's constitutional right could not be avoided by a jury instruction to disregard the confession as to Bruton." Bruton v. United States, 20 L.ED.2D 476, 391 US 123 (1968). An accused's right of cross-examination secured by the confrontation clause of the Sixth Amendment is violated at his joint trial with a codefendant who does not testify by the admission of the codefendant's confession inculpating the accused, notwithstanding jury instructions that the codefendant's confession must be disregarded in determining the accused's guilt or innocence. A major reason underlying the constitutional confrontation rule is to give a defendant charged with crime an opportunity to cross-examine the witnesses. Under the traditional rules of evidence, a codefendant's confession inculpating the accused is inadmissible against the accused as hearsay. The theory of the hearsay rule is that the many possible deficiencies, suppressions, sources of error and untrustworthiness which lie underneath the bare untested assertion of a witness may be best brought to light and exposed by the test of cross-examination. The instant matter presents the question, last considered in Delli Paoli v. United States, 352 US 232, 1 L.ED.2D 278, 77 S.Ct. 294, [391 US 124], Greene v. Fisher, 132 S.Ct. 38 (2011). whether the conviction of a defendant at a joint trial should be set aside

(4)

In the instant matter, the trial court jury instructions on accomplice/co-conspirator liability, violates <u>Huffman</u> and <u>Bachert</u> because it removed the necessary requirement that before any conspirator or accomplice can be guilty of first-degree murder, that accomplice must personally have the specific intent to kill. "[T]o determine the kind of homicide of which the accomplice is guilty, it is necessary to look to his state of mind; the requisite mental state must be proved beyond a reasonable doubt to be one which the accomplice harbored and cannot depend upon proof of the intent to kill only in the principle". Commonwealth v. Huffman, 536 PA. 196, 638 A.2d 961 (1994) and Commonwealth v. Bachert, 499 Pa. 398 406, 453 A.2d 931, 935 (1982). Specific Intent is an element of the crime charged and the erroneous instruction relieved the commonwealth of its burden of proof. The court did acknowledge that the trial-court's charge, "like the one given in <u>Huffman</u>, could allow the jury to reach a first-degree murder verdict without finding appellant had the requisite intent to commit the crime: the jury could have been misled into thinking they could convict appellant of murder in the first-degree if his accomplice or co-conspirator had specific intent to kill." The jury was not informed that it had to find that Gale, non-shooter, had the specific intent to kill if it was going to find him guilty as an accomplice or co-conspirator. N.T. Pg. 609 lin. 12-pg. 610 lin. 1. In the case at hand, the trial-court gave a similar instruction which permitted the jury to find the non-shooter, Gale, guilty of first-degree murder in absence of a finding that he acted with the specific intent to kill. This instruction was just as "patently erroneous" and just as much an "outright misstatement of the law" in the present case as in <u>Huffman</u>.

The trial-court's erroneous instruction was so egregious that it denied Gale his state and federal constitutional rights to and due process. Due process is violated when an instruction effectively reduces the commonwealth's burden of proof and allows a state jury to convict a defendant upon something less that evidence which convinces them of each element of the offense beyond a reasonable doubt. Smith v. Horn, 120 F.3d 400 (3rd cir. 1997); Rock v. Zimmerman, 959 F.2d 1257 (3rd cir. 1991). Because due process requires that the prosecution prove each element of the crime charged beyond a reasonable doubt, In re Winship, 397 U.S. 358, 90 S.Ct. 1068 (1970), a criminal conviction cannot stand where the prosecution's burden is lessened on any element of the crime. Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450 (1997). Here, the jury instructions relieved the prosecution of the burden of proving every element of the crime beyond a reasonable doubt, as required by <u>In re Winship</u>.

In Smith v. Horn, supra, the Third Circuit Court of Appeals concluded that the Pennsylvania trial-court's instructions on accomplice and conspiratorial liability were in conflict with Commonwealth v. Huffman, supra. By failing to unequivocally advise the jury of the requirement that any person convicted of first-degree murder must have the specific intent to kill, the court's error denied defendant his constitutional rights to due process. Smith, 120 F.3d at 416.

The same error occurred in the instant case when the trial-court failed to instruct the jury that the commonwealth must prove beyond a reasonable doubt that the non-shooter, Gale, had the specific intent to kill in order to convict him of murder of the first-degree as an accomplice or co-conspirator. (N.T. Pg. 586 lin. 22-Pg. 590 lin. 3, Pg. 609 lin. 12-Pg. 613 lin. 1). In Pennsylvania a trial-court must instruct the jury in order to clarify the issues so that the jurors understand the questions involved. Commonwealth v. Bricker, 525 Pa. 362, 581 A.2d 147 (1990). The failure of the trial court to fulfill the responsibility to elucidate the relevant legal principles deprives the defendant of a fair trial. Commonwealth v. Bishop, 472 Pa. 485, 372 A.2d 794 (1972). See Osborn v. Ohio, 495 U.S. 103, 110 S.Ct. 1691 (1990)(the faliure to instruct the jury properly on an element of the offense warrants reversal); Sandstrom v. Montana, supra (same); Francis v. Franklin, 471 U.S. 307, 105 S.Ct. 1965 (1985); In re Winship, supra (due process clause requires prosecution to prove every element beyond a reasonable doubt); Clark v. Jago, 676 F.2d 1099 (6th cir. 1982)(an instruction which relieved the commonwealth of its burden of proving that an accomplice had the specific intent to kill, a necessary element under Ohio law, was constitutionally defective). See also Falcomer v. Lane, 905 F.2d 1129 (7th cir. 1990)(instruction which left jury with belief that it could convict defendant of murder even if she possessed one of the mitigating states of mind required for manslaughter violated due process);

In Commonwealth v. Bennett, 842 A.2d 953, (Pa.Super.2004) he issued the challenge to the accomplice liability charge given at trial... that there is no doubt that there is merit to this claim. Wyatt, Bennett's codefendant at trial, also was convicted of first-degree murder and later filed a PCRA petition alleging, inter alia, that the accomplice liability charge given at the trial was defective. In Wyatt's appeal from the denial of PCRA relief, we concluded that the charge indeed was erroneous...and accordingly, we vacated his first-degree murder conviction and remanded for a new-trial. See Commonwealth v. Wyatt, 2050 EDA 1999, 782 A.2d 1061 (Pa.Super.Ct., July 16, 2001)(unpublished memorandum). Bennett, along with his codefendant Wyatt, was granted a new trial...as to the murder charge as a result of the trial court's failure to properly instruct the jury as alleged herein.

The defendant should be granted a Evidentiary Hearing as a result of trial-court's erroneous accomplice/co-conspirator liability instruction to the jury. Inadvertently the commonwealth was relieved from its burden of proving each element of the crime charged beyond a reasonable doubt that the defendant, Gale, had the specific intent to kill in order to convict him of murder of the first-degree and conspiracy. Trial counsel on direct-appeal and counsel in the initial-review collateral proceeding was ineffective in failing to raise the claims herein. Id. Martinez.

## CONCLUSION

WHEREFORE ALL PREMISES CONSIDERED and based upon the merits of his claims the

Petitioner files this Objection in good faith requesting for magistrate judge Blewitt's Report & Recommendation (9-27-12), be set aside in order to grant an Evidentiary Hearing in the aforementioned.

Andre M. Gale, In propria persona
PA.D.O.C. #CY9645
1600 Walters Mill Road
Somerset, PA 15510

CERTIFICATE OF SERVICE

I, Andre Gale, petitioner, pro se, hereby certify on this date 10/7/12, am serving the foregoing Objection to Report & Recommendation dated 9-27-12, upon the persons listed below by institutional cash-slip and by the United States Postal Service. Also see: Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.ED.2d 245 (1988), holding a filing by a prisoner be deemed timely as of the date it is handed to prison officials for delivery.

This service does satisfy the requirements of Fed.R.App.P. 25(a)(2)(c).

Office of the Clerk
United States District Court
Middle District of PA
235 N. Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

U.S. Magistrate Judge Thomas M. Blewitt
United States District Court
Middle District of PA
235 N. Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

Dauphin County D.A.'s Office
Dauphin County Courthouse
101 Market Street
Harrisburg, PA 17101

10-7-12
*Andre M. Gale*
Andre M. Gale

COPY

| DC-138A | COMMONWEALTH OF PENNSYLVANIA |
| --- | --- |
| **CASH SLIP** | DEPARTMENT OF CORRECTIONS |

**1. REQUISITIONING INMATE**

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
| --- | --- | --- | --- |
| CJ9645 | Gale | CB30 | 9-17-12 |

**2. ITEMS TO BE CHARGED TO MY ACCOUNT**

Please deduct postage due.
(Legal mail) 28 U.S.C. §2244 application with attachments...

4.97
1 lb → Zone 3
Pkg

Thank you

SEP 19 2012

**3. INMATE'S SIGNATURE**
Andre M. Gale

**4. OFFICIAL APPROVAL**

**5. BUSINESS OFFICE'S SPACE**

| CHARGE ENTERED $ | DATE | BOOKKEEPER |
| --- | --- | --- |

COPY

Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2254 or § 2255

## United States Court of Appeals for the Third Circuit

| Name of Movant | Prisoner Number | Case Number (leave blank) |
|---|---|---|
| ANDRE M. GALE | CY9645 | |

Place of Confinement

STATE CORRECTIONAL INSTITUTION at SOMERSET

In Re:

GERALD ROZUM, et al

, Movant

ANDRE M. GALE.

# PROOF OF SERVICE

A copy of this motion and all attachments must be sent to the state attorney general (§ 2254 cases) or the United States Attorney for the United States judicial district in which you were convicted (§ 2255 cases).

I certify that on ___9-17-12___ I mailed a copy of this motion and all attachments
[date]

to _Clerk, U.S. District Court, Eastern District of PA._
_601 Market Street, Rm. 2609 - Philadelphia, PA. 19106._ at the following address:
_Dauphin County D.A.'s office, Dauphin County Courthouse_
_101 Market Street, Harrisburg, PA. 17101._

_Andre M. Hale, Pro Se_
Movant's Signature

Rev. 2/99

Houston v. Lack, 487 U.S.
266, 276, 108 S.Ct. 2379,
101 L.Ed. 2d. 245 (1988).

| DC-138A | |
|---|---|
| **CASH SLIP** | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS |

**1. REQUISITIONING INMATE**

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| CJ9645 | GALE | CB30 | 10-7-12 |

**2. ITEMS TO BE CHARGED TO MY ACCOUNT**

Please deduct postage due.

Legal mail:
OBJECTION to Report & Recommendation dated 9/27/12. Copy mailed to:
Office of the Clerk
U.S. District Court
235 N. Washington Ave.
P.O. Box 1148
Scranton, PA 18501-1148

Shelley
ID VERIFIED BY


Thank you,

**3. INMATE'S SIGNATURE**
Andre M. Gale

**4. OFFICIAL APPROVAL**

**5. BUSINESS OFFICE'S SPACE**

| CHARGE ENTERED $ | DATE | BOOKKEEPER |
|---|---|---|

Andre Gale
#CY9645
1600 Walters Mill Rd.
Somerset, PA 15510

RECEIVED
SCRANTON
OCT 15 2012
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

U.S. Magistrate Judge T. Blewitt
U.S. District Court
Middle District of PA
235 N. Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148